J-S50030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT E. MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 309 WDA 2014 |

Appeal from the PCRA Order Entered January 24, 2014,
In the Court of Common Pleas of Westmoreland County,
Criminal Division, at No. CP-65-CR-0001710-2001.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 08, 2014**

Appellant, Robert E. Miller, Jr., appeals *pro se* from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We vacate and remand.

In Appellant's direct appeal, a panel of this Court summarized the facts of this case as follows:

> Appellant, on February 12, 2002, pleaded guilty to all charges brought against him, stemming from his seven-year relationship with the minor victim.  The minor victim was eight years old in 1988 when the incidents began, and [A]ppellant admits to having raped her four times and to engaging in involuntary deviate sexual intercourse with her on five occasions from 1988 to 1995, all while maintaining a relationship with the victim's mother.  Following the guilty plea and preparation of a pre-sentence report, [A]ppellant was sentenced on May 9, 2002, to serve a total term of incarceration of from twenty to forty years.  The trial court denied a postsentence motion to reconsider the sentence, by order dated June 20, 2002[.]

*Commonwealth v. Miller*, 295 WDA 2003, 839 A.2d 1158 (Pa. Super. filed October 17, 2003) (unpublished memorandum at 2). After reviewing Appellant's challenge to the discretionary aspects of his sentence, the panel affirmed the judgment of sentence on October 17, 2003. *Id.* at 6. The Pennsylvania Supreme Court denied Appellant's petition for review on April 6, 2004. *Commonwealth v. Miller*, 847 A.2d 1281 (Pa. 2004).

Appellant filed a *pro se* petition for a writ of *habeas corpus* on January 29, 2013, in which he claimed that the trial court lacked subject matter jurisdiction due to an alleged lack of an "enacting clause" in the legislation creating the crimes to which he pled guilty. Petition, 1/29/13, at ¶ A. Treating Appellant's petition as a PCRA petition, the trial court conducted a hearing on January 24, 2014, then denied the petition as time-barred. Order of Court, 1/24/14, at 1 (citing 42 Pa.C.S.A. § 9545(b)(1) and (2)). This appeal followed. The PCRA court did not direct Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant raises three issues, which we reproduce verbatim as follows:

I. COUNSEL WAS INEFFECTIVE FOR GIVING BAD ADVISE/MISINFORMING DEFENDANT PERTAINING PLEA OFFER.

II. COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INTRODUCTION OF DEFENDANTS INVOLUNTARY CONFESSION DUE TO CONDITIONS OF COERCION.

> III. COUNSEL WAS INEFFECTIVE FOR NOT BRINGING INTO INTRODUCTION NOR INVESTIGATING BIOLOGICAL EVIDENCE (DNA).

Appellant's Brief at 4.[1]

Initially, we must determine whether this matter is properly before us. We begin by considering whether the PCRA court accurately considered Appellant's petition for a writ of *habeas corpus* to be a PCRA petition. The scope of the PCRA is explicitly defined as follows:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S.A. § 9542 (emphasis added).

The plain language of the statute demonstrates that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235

---

[1] We agree with the Commonwealth's assertion that Appellant has waived his claims of ineffective assistance of counsel by failing to raise them in his petition for writ of *habeas corpus* before the PCRA court. Commonwealth's Brief at 7 (citing *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("[P]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitations and serial petition restrictions of the PCRA.")).

(Pa. 2001) (emphasis in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." ***Id.*** (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001).

In his petition, Appellant claimed that the trial court lacked jurisdiction to prosecute him due to defects in the enactment of the crimes code. Petition, 1/29/13, at ¶ A. The question arises whether this particular claim is one available to him under the PCRA. The relevant portion of the PCRA provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> * * *
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> * * *
>
> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2)(viii). Thus, the statute in this matter is clear that claims attacking the jurisdiction of the court are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(viii).

Because such a claim is cognizable under the PCRA regardless of the caption of the petition, the PCRA court properly considered it to be filed under the PCRA. Consequently, the PCRA court had no authority to entertain the claim except under the strictures of the PCRA.

We note that this is Appellant's first PCRA petition; thus, he has a rule-based right to counsel. **Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 (Pa. Super. 2011); Pa.R.Crim.P. 904(C).[2] "Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." Pa.R.Crim.P. 904(C) at Comment. Moreover, it is well established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable. **Commonwealth v. Ramos**, 14 A.3d 894, 895 (Pa. Super.

---

[2] Pa.R.Crim.P. 904(C) provides as follows: "[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." **See also Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (surveying history of rule-based right to effective PCRA counsel).

2011) (citing **Commonwealth v. Guthrie**, 749 A.2d 502, 504 (Pa. Super. 2000), and **Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. Super. 2009)). Although a PCRA petition appears to be untimely and the petitioner appears to be ineligible for PCRA relief, "counsel . . . may be able to overcome both of those hurdles through an examination of all of the relevant circumstances." **Ramos**, 14 A.3d at 896.

Here, Appellant is before us *pro se*, which gives rise to the question: Did he knowingly, intelligently, and voluntarily waive PCRA counsel? The record does not provide an answer.

The Pennsylvania Supreme Court expressly required in **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), that, "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Id.** at 82. Furthermore, "it is incumbent upon the trial court rather than defense counsel to ensure that a proper waiver-of-counsel colloquy is conducted." **Commonwealth v. Robinson,** 970 A.2d 455 (Pa. Super. 2009) (*en banc*) (citing **Commonwealth v. Davido**, 868 A.2d 431, at 437–438 (Pa. 2005)).

Nothing in the record before us indicates that the PCRA court conducted a **Grazier** colloquy to determine if Appellant knowingly, intelligently, and voluntarily relinquished his right to PCRA counsel.

Accordingly, we vacate the order dismissing Appellant's petition and remand for the PCRA court to conduct a **Grazier** colloquy utilizing Pa.R.Crim.P. 121(A)(2)(a), (d), (e) and (f).[3]  Given our disposition, we will not address Appellant's issues.

Order vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2014

---

[3] Pursuant to Rule 904(C), should Appellant request PCRA counsel, the trial court shall appoint counsel if satisfied that Appellant has no means to procure counsel.