**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard RAMOS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 2010.
Filed Jan. 14, 2011.

---

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J, FREEDBERG and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This is a *pro se* appeal from the order dismissing Appellant's *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate and remand.

* Retired Senior Judge assigned to the Superior Court.

Appellant's PCRA petition is based on a conviction for which he was sentenced on June 17, 1987, to a one-year term of probation. The instant PCRA petition, filed on September 4, 2009, is Appellant's first. Citing 42 Pa.C.S.A. § 9543(a), the PCRA court dismissed the petition on the basis that Appellant was ineligible for PCRA relief because he was not currently serving this sentence, awaiting execution on this crime or serving a sentence which must expire before the disputed sentence.

▬ In his response to the PCRA court's notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 and on appeal, Appellant asserts that he is entitled to the appointment of counsel for this first PCRA petition. We agree. Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." (emphasis added). The comment to the Rule explains, "[c]onsistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in **every case** in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." (emphasis added). It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable. *Commonwealth v. Guthrie,* 749 A.2d 502, 504 (Pa.Super.2000); *Commonwealth v. Stout,* 978 A.2d 984, 988 (Pa.Super.2009). We see no practical difference between that situation and this one. Both types of

petitioner appear to be barred from PCRA relief; however, those apparent barriers may be felled by the aid of a legal advocate. Thus, although Appellant's petition appears to be untimely and he appears to be ineligible for PCRA relief, counsel for Appellant may be able to overcome both of those hurdles through an examination of all of the relevant circumstances.[1]

As an indigent[2] first-time PCRA petitioner, Appellant is entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings, including any appeal from the disposition of the PCRA petition. Pa. R.Crim.P. 904(C), (F)(2).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

1. For instance, counsel may be able to determine that Appellant has not completed his probationary sentence. Although the PCRA court states that he is no longer serving this sentence, the record before us is not dispositive of the status of the sentence.

2. Appellant is proceeding *in forma pauperis* on this appeal.