J-A29005-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALAN DELP, | : | |
| | : | |
| Appellant | : | No. 146 WDA 2014 |

Appeal from the Order entered November 10, 2008,
Court of Common Pleas, Armstrong County,
Criminal Division at No(s): CP-03-CR-0000105-1999,
CP-03-CR-0000106-1999, CP-03-CR-0000107-1999,
CP-03-CR-0000108-1999 and CP-03-CR-0000712-1998

BEFORE:  DONOHUE, ALLEN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED OCTOBER 17, 2014**

Richard Alan Delp ("Delp") appeals from the order of court denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.  We vacate and remand for further proceedings.

The relevant history of this case may be summarized as follows.  In 2001, Delp was convicted of multiple offenses and sentenced to 60 to 144 years of incarceration.  This Court affirmed his judgment of sentence in March 2002 and the Pennsylvania Supreme court denied his petition for allowance of appeal in January 2004.

No further action occurred until June 2008, when Delp filed a petition *pro se* with the trial court, in which he argued that the trial court erred in imposing his sentence because it failed to merge certain offenses.  Motion to

*Retired Senior Judge assigned to the Superior Court.

Modify and Reduce Sentence, 6/19/08. Recognizing that this claim challenges the legality of Delp's sentence, the trial court treated the filing as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of intent to dismiss based upon its conclusion that the petition was untimely. Delp filed a *pro se* response to the Rule 907 notice, claiming that his trial counsel failed to communicate with him and that he did not discover until May 2008 that his direct appeal efforts had concluded. On November 10, 2008, the trial court dismissed Delp's petition. In the memorandum filed contemporaneously with the dismissal, the trial court explained that Delp's petition was untimely, that "it is obvious that none of the exceptions [to the PCRA's timeliness requirements] is even remotely applicable," and that Delp failed to "assert due diligence in discovering the denial of his appeals." Trial Court Opinion, 11/10/08, at 3; Addendum to Memorandum and Order, 11/10/08, at 1.

Included with the order dismissing his PCRA petition was an application to obtain representation by the Public Defender and information regarding the period in which Delp had to file an appeal from the dismissal of his petition. In November 2012, Delp filed another *pro se* petition alleging that he sent the form to the Public Defender in 2008 but never received a reply. In response to Delp's petition, the trial court set a hearing and, for the first time, appointed counsel to represent Delp. Following the hearing,

the trial court reinstated Delp's rights to appeal the dismissal of his PCRA petition *nunc pro tunc*. This timely appeal followed.

We agree with the trial court's determination that the *pro se* petition Delp filed in June 2008 should be treated as a PCRA petition, as challenges to the legality of a sentence are cognizable thereunder, **see Commonwealth v. Beck,** 848 A.2d 987, 989 (Pa. Super. 2004) (stating that issues concerning the legality of sentence are cognizable under the PCRA), and "[i]t is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition." **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001).

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009). This is the case even where the PCRA petition is untimely on its face and it appears that the petitioner is otherwise ineligible for relief under the PCRA. **Commonwealth v. Ramos**, 14 A.3d 894, 896 (Pa. Super. 2010). An indigent *pro se* petitioner is entitled to the appointment of counsel for assistance with his or her first petition filed pursuant to the PCRA. Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel,

the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). This Court has held that a PCRA court may not consider the merits of an indigent petitioner's claim until counsel has been appointed, as to do so would defeat the purpose of the rule requiring that counsel be appointed. **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001).

As stated above, Delp's petition is properly considered to be a PCRA petition. In as much as the trial court appointed Delp counsel for purposes of this appeal, it is evident that Delp is indigent. Accordingly, Delp was entitled to the appointment of counsel when he filed his PCRA petition, in June 2008, and it was error for the trial court to consider the merits of that petition before counsel was appointed.[1] We therefore vacate the order denying Delp's petition and remand this case for the appointment of PCRA counsel, who may then file an amended PCRA petition on Delp's behalf.[2]

---

[1] We note for completeness that a petitioner may waive this right to counsel and proceed *pro se*. In order to do so, the petitioner must express a desire to represent himself and the PCRA court must conduct an on-the-record colloquy to determine that the waiver is knowing, intelligent, and voluntary. **Commonwealth v. Powell**, 787 A.2d 1017, 1019-20 (Pa. Super. 2001) (citing **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998)). In this case, Delp has not indicated that he wants to proceed *pro se*; to the contrary, he explicitly complained that his inquiry to the Public Defender went unanswered. Nonetheless, this underscores the fact that upon receipt of Delp's *pro se* petition, the trial court was required to take some action (either appointing counsel or scheduling a **Grazier** hearing) before ruling on the merits of Delp's petition.

[2] The trial court concludes that because it reinstated Delp's appeal rights *nunc pro tunc* and appointed counsel to represent Delp in connection with

- 4 -

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/17/2014</u>

---

that appeal, "[Delp] ultimately was given court-appointed counsel to address all of the issues regarding the timeliness of his [PCRA] petition."  Trial Court Opinion, 2/21/14, at 3.  We disagree.  Providing Delp counsel for appeal purposes only is not the same as providing appointed counsel to draft a cogent PCRA petition that appropriately and adequately addresses the timeliness issues surrounding Delp's petition.  Furthermore, we reiterate that counsel must be provided to an indigent PCRA petitioner, as "the denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Kutnyak*, 781 A.2d at 1262.