J. S30030/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEROME CALDWELL, | : | No. 3196 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 30, 2014,
in the Court of Common Pleas of Northampton County
Criminal Division at Nos. CP-48-CR-0001405-2012,
CP-48-CR-0001410-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 16, 2015**

Jerome Caldwell appeals from the order of September 30, 2014, denying his PCRA[1] petition.  After careful review, we vacate and remand for further proceedings.

On September 28, 2012, appellant entered a guilty plea to two counts of delivery of heroin.  Additional charges were **_nol prossed_** as part of the plea agreement.  The trial court imposed the mandatory minimum sentence of 2-4 years' incarceration on each count, to be served consecutively for an

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

aggregate sentence of 4-8 years.[2]   Appellant did not file post-sentence motions or an appeal.

On August 26, 2014, appellant filed a ***pro se*** PCRA petition alleging, ***inter alia***, that application of the mandatory minimum sentence was illegal pursuant to ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151 (2013). Appellant also complained that trial counsel failed to furnish him with a copy of the transcript.   Appellant requested reinstatement of his direct appeal rights ***nunc pro tunc***.   Appellant did not request an attorney be appointed, but did ask for stand-by counsel.   (PCRA petition, 8/26/14 at 7 ¶16; docket #25.)

On September 30, 2014, the PCRA court denied appellant's petition without appointing counsel or issuing Rule 907 notice.[3]   The PCRA court concluded that appellant's petition was untimely filed and that he failed to plead and prove any exception to the PCRA's jurisdictional one-year time bar.   Appellant filed a timely ***pro se*** notice of appeal on October 23, 2014. Appellant also filed a ***pro se*** statement of matters complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.   Therefore, appellant requested that counsel be appointed to represent him on the appeal.

---

[2] ***See*** 18 Pa.C.S.A. § 7508(a)(7)(i) ("when the aggregate weight of the compound or mixture containing the heroin involved is at least 1.0 gram but less than 5.0 grams the sentence shall be a mandatory minimum term of two years in prison and a fine of $5,000….").

[3] ***See*** Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A. ("Disposition Without Hearing").

(Docket #28.)  On November 18, 2014, the PCRA court granted appellant leave to proceed *in forma pauperis* and appointed Brian Monahan, Esq., to represent appellant on the instant appeal.  On December 3, 2014, the PCRA court filed a Rule 1925(a) opinion, addressing the issues raised in appellant's *pro se* Rule 1925(b) statement.

As stated above, this is appellant's first PCRA petition.  "It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable."  *Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa.Super. 2011), citing *Commonwealth v. Guthrie*, 749 A.2d 502, 504 (Pa.Super. 2000); *Commonwealth v. Stout*, 978 A.2d 984, 988 (Pa.Super. 2009).  *See also* Pa.R.Crim.P., Rule 904(C), 42 Pa.C.S.A. ("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge *shall* appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.") (emphasis added); *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*) ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process.") (citations omitted).

As stated above, appellant indicated that he wished to proceed **pro se** "with stand-by counsel." However, it was incumbent upon the PCRA court to conduct a waiver-of-counsel colloquy to determine whether appellant knowingly and understandingly waived his right to representation by counsel on a first PCRA petition. As this court stated in **Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa.Super. 2011):

> Recently, in **Commonwealth v. Stossel**, 17 A.3d 1286 (Pa.Super. 2011), this Court held that a petitioner's checking of a box in the standardized DC–198 form utilized for **pro se** PCRA petitions, which indicated that the petitioner did not want the court to appoint counsel, did not remove a court's obligation to conduct a **Grazier**[4] colloquy to determine if the petitioner was knowingly, intelligently, and voluntarily relinquishing his right to counsel. Citing our decision in [] **Robinson**, [**supra**], we remanded for the PCRA court to conduct a **Grazier** colloquy utilizing Pa.R.Crim.P. 121(A)(2)(a), (d), (e) and (f).

**Id.** at 1181.[5]

---

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[5] **Rule 121. Waiver of Counsel**

> **(A) Generally.**
>
> (1) The defendant may waive the right to be represented by counsel.
>
> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P., Rule 121(A)(1), (2), 42 Pa.C.S.A. **_See Robinson_**, 970 A.2d at 459-460 ("we conclude that if a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f).").

> "Specifically, we reasoned [in **Robinson**] that because a first time PCRA petition 'may well be the defendant's sole opportunity to seek redress[,]' an on-the-record colloquy was necessary to ascertain whether the petitioner 'fully understands the ramifications of a decision to proceed **pro se** and the pitfalls associated with his lack of legal training.'"

*Id.* at 1182, quoting **Robinson**, 970 A.2d at 460 (footnote omitted). "The **Grazier** colloquy, as delineated in **Robinson**, must inform Appellant that he not only has a right to have counsel on appeal, but that he was also entitled to a counseled amended petition and representation before the PCRA court." *Id.*

For these reasons, it is necessary to vacate the denial of PCRA relief and remand for a full waiver colloquy.

Order vacated. Case remanded for conduct of a colloquy in accordance with **Grazier**. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015

- 6 -