J-S67037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS WILLIAM O'HARA, | |
| Appellant | No. 674 MDA 2015 |

Appeal from the Order Entered January 20, 2015
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0005631-1999

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED JANUARY 13, 2016**

Appellant, Dennis William O'Hara, appeals *pro se* from the order denying reconsideration of the court's previous denial of his "Motion to Vacate Sentence." Appellant's motion should have been treated as a PCRA petition. Because this is Appellant's first PCRA petition, and the record confirms he is indigent, under controlling authority the court should have appointed counsel for him. We vacate and remand for the appointment of counsel.

On August 26, 2014, Appellant filed a *pro se* "Notice of Motion to Vacate Sentence" seeking to vacate the sentence imposed on **June 12, 2000**. The court imposed a sentence concurrent to one he had received in

_____

[*] Retired Senior Judge assigned to the Superior Court.

the previous month after a separate plea in another county (Cumberland). Appellant concedes that his negotiated plea was honored. (**See** Notice of Motion to Vacate Sentence, 8/26/14). Nevertheless, he complains that **federal** authorities are treating the two guilty pleas separately, increasing his federal sentence.

The trial court denied the motion to vacate, rejecting any breach of the plea agreement, and noting it lacked jurisdiction over federal courts. (**See** Order Denying Motion to Vacate Sentence, 11/03/14). In the order Appellant purports to appeal from, the trial court denied reconsideration of its prior order, referencing the order dated October 31, 2014 (filed 11/03/14) and adding that Appellant had filed an untimely post-sentence motion under Pa.R.Crim.P. 720(a). (**See** Order Denying Reconsideration, 1/20/15).

We are constrained to conclude that the trial court should have treated the motion as a first PCRA petition. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition") (citation omitted). Therefore, the court should have appointed counsel for Appellant's first PCRA petition. **See** Pa.R.Crim.P. 904(C) ("the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). An indigent petitioner is entitled to counsel

without regard to the merits of the petition. ***See Commonwealth v. Kutnyak***, 781 A.2d 1259, 1262 (Pa. Super. 2001).

"It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable." ***Commonwealth v. Ramos***, 14 A.3d 894, 895 (Pa. Super. 2011) (citations omitted).

Accordingly, we vacate and remand for the appointment of counsel and proceedings consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2016