J-S03036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CORIE REX HILLIARD, | : | |
| | : | |
| Appellant | : | 1052 WDA 2016 |

Appeal from the PCRA Order June 16, 2016
in the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000361-2011

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 20, 2017**

Corie Rex Hilliard (Appellant) *pro se* appeals from the order entered June 15, 2016, denying his petition for writ of *habeas corpus*, which the court treated as a motion filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

On January 9, 2011, Appellant went to the Pennsylvania State Police Somerset Station to report that he had been sexually molesting his five-year-old daughter for the past year.  Based on this confession and additional evidence gathered by police, Appellant was charged with, *inter alia*, involuntary deviate sexual intercourse (IDSI) with a child, as a violation of 18 Pa.C.S. § 3123(a)(6).  On December 12, 2011, at his guilty plea hearing, the Commonwealth moved to amend the criminal information.  The

*Retired Senior Judge assigned to the Superior Court.

Commonwealth substituted subsection 3123(b) for subsection 3123(a)(6). "Section 3123(a)(6), which provided a person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant who is less than 13 years of age, was … deleted [in 2002]." *Commonwealth v. Snyder*, 870 A.2d 336, 340 (Pa. Super. 2005). The statute was replaced and included section 3123(b) as the identical provision, providing that "[a] person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b).

Pursuant to an agreement with the Commonwealth, Appellant pled guilty to six counts of IDSI under 18 Pa.C.S. § 3123(b), in exchange for the Commonwealth's agreement to withdraw all other charges. N.T., 12/11/2011, at 9. On April 11, 2012, Appellant was sentenced to an aggregate term of 20 to 40 years of incarceration. Appellant timely filed a post-sentence motion, which was denied on May 22, 2012. Appellant did not file a direct appeal.

On March 17, 2016, Appellant filed a petition for writ of *habeas corpus*. According to Appellant, because he was originally charged with violating section 3123(a)(6), a portion of a repealed statute, he contends his conviction is void *ab initio*. In addition, he argues that the relief he is requesting is not cognizable under the PCRA.

- 2 -

On March 21, 2016, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. In that order, the PCRA court treated the petition for writ of *habeas corpus* as a PCRA petition and found that it was untimely filed. In addition, the PCRA court pointed out that Appellant pled guilty to section 3123(b), not section 3123(a)(6); thus his claim is frivolous. Appellant filed a response arguing once again that he was never charged with section 3123(b). On June 16, 2016, the PCRA court dismissed Appellant's petition. This timely-filed appeal followed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Before we address the issues raised by Appellant, we must first address whether Appellant is properly proceeding *pro se* in this Court.[1] In doing so, we are mindful of the following.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013). "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). Rule 904 of the Rules of Criminal Procedure requires the appointment of

---

[1] Although Appellant has not specifically raised an issue regarding his lack of PCRA counsel, we observe that we may do so *sua sponte.* ***See Commonwealth v. Stossel****,* 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing the right of Superior Court to address the appellant's lack of counsel *sua sponte* in PCRA matter).

counsel for an indigent petitioner on his or her first PCRA petition.[2] Pa.R.Crim.P. 904(C). "It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable." **Commonwealth v. Ramos**, 14 A.3d 894, 895 (Pa. Super. 2011).

Because this was Appellant's first filing, he was entitled to the appointment of counsel. Therefore, we vacate the order denying the PCRA petition and remand to the PCRA court for the appointment of counsel. If Appellant wishes to proceed *pro se*, a **Grazier**[3] hearing is required.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[2] This requirement is irrespective of whether Appellant requested counsel to be appointed. **See Commonwealth v. Auchmuty**, 799 A.2d 823, 826 (Pa. Super. 2002) ("[This Court] opined that clearly Rule [] 904 does not require petitioners to affirmatively request appointment of counsel and concluded it also was necessary to remand for appointment of counsel.").

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/20/2017