J. S36036/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
              v.                :
                                           :
JAMES E. JACKSON,           :       No. 2600 EDA 2016
                                         :
           Appellant     :

Appeal from the PCRA Order, July 19, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1202331-2005

BEFORE: PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:     **FILED AUGUST 17, 2017**

James E. Jackson appeals from the order of July 19, 2016, dismissing his PCRA[1] petition. We vacate and remand for further proceedings.

The PCRA court has summarized the procedural history of this case as follows:

> On March 29, 2005, appellant was arrested and charged with Attempt[ed] Murder, Aggravated Assault[,] Simple Assault, Terroristic Threats, PIC and REAP. On April 12, 2007, following a bench trial before this Court, he was found not guilty of Attempt[ed] Murder but guilty of the remaining charges. On July 18, 2007, appellant was sentenced to twenty-five (25) to fifty (50) years['] imprisonment on the Aggravated Assault charge since it constituted a third strike. See 42 Pa.C.S. § 9714. The Commonwealth argued for life without parole or the maximum sentence on all charges running consecutively. See 7/18/2007 at 13-14.

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On March 28, 2016, appellant filed his first Motion pursuant to the Post Conviction Relief Act (PCRA), **pro se**. On June 13, 2016, following a review of the record and appellant's PCRA petition, this Court sent appellant Notice pursuant to Pennsylvania Rule of Criminal Procedure 907 advising him of the Court's intention to dismiss his PCRA Petition without a hearing, and of his right to respond within twenty days. Appellant did not respond to the 907 Notice and his PCRA Petition was dismissed on July 19, 2016. This [timely] appeal followed.

PCRA court opinion, 10/17/16 at 1 (footnote omitted).

On July 6, 2017, this court remanded to the PCRA court for 30 days to determine whether appellant was afforded his rule-based right to assistance of counsel on a first PCRA petition. **See Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa.Super. 2002) ("An indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." (citations omitted)); Pa.R.Crim.P. 904. We observed that while appellant is represented by counsel on the instant appeal, the record indicated that appellant's petition was filed **pro se** and counsel did not file an amended petition on appellant's behalf or respond to Rule 907 notice. **Commonwealth v. Jackson**, No. 2600 EDA 2016 (Pa.Super. filed July 6, 2017) (**per curiam**). We retained panel jurisdiction.

On July 25, 2017, the PCRA court filed a supplemental opinion finding that appellant's petition was improperly dismissed without appointment of counsel. (PCRA court opinion, 7/25/17 at 2-3.) Therefore, it is necessary to

remand for counsel to be appointed to assist appellant with his first PCRA petition. ***Commonwealth v. Ramos***, 14 A.3d 894, 895 (Pa.Super. 2011) ("It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable." (citations omitted)).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017