J-S01012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUAN C. SEBASTIAN, :
:
Appellant : No. 942 MDA 2017

Appeal from the PCRA Order May 24, 2017
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0002462-2002

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 26, 2018**

Juan C. Sebastian ("Sebastian") appeals, *pro se*, from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand for further proceedings.

In 2010, a jury convicted Sebastian of three counts of indecent assault; two counts of rape; and one count each of sexual assault, indecent exposure, and corruption of minors. The trial court sentenced Sebastian to 23½ to 57 years in prison. Sebastian was also classified as a sexually violent predator. This Court affirmed the judgment of sentence on June 21,

2012. *See Commonwealth v. Sebastian*, 53 A.3d 936 (Pa. Super. 2012) (unpublished memorandum).[1] Sebastian did not seek further review.

On December 19, 2016, Sebastian filed a PCRA Petition. The PCRA court appointed Lara Glenn Hoffert, Esquire ("Attorney Hoffert"), as Sebastian's counsel. On January 9, 2017, the PCRA court directed Attorney Hoffert to file an amended petition or a "no-merit" letter pursuant to *Turner*/*Finley*.[2] The PCRA court eventually expanded the time to May 1, 2017. Attorney Hoffert did not file either an amended petition or a "no-merit" letter. Thereafter, on May 24, 2017, the PCRA court vacated the appointment of Attorney Hoffert and dismissed Sebastian's PCRA Petition. Sebastian, *pro se*, filed a timely Notice of Appeal.

On appeal, Sebastian raises the following questions for our review:

I.   Whether on May 24, 2107, the [PCRA] court erred when it dismissed [Sebastian's] Motion for post[-]conviction relief *nunc pro tunc* for lack of jurisdiction?

II.  Whether on May 24, 2017, the [PCRA] court erred when it entered an Order vacating the appointment of [Attorney Hoffert] to represent [Sebastian]?

_____

[1] We note that Sebastian initially did not file a direct appeal. However, his direct appeal rights were reinstated following the filing of a PCRA Petition.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Brief for Appellant at 3 (some capitalization omitted). The Commonwealth concedes that Sebastian's claims have merit, and that the case should be remanded to the PCRA court. *See* Brief for the Commonwealth at 9-10.

Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added); *see also Commonwealth v. Henkel*, 90 A.3d 16, 22-23 (Pa. Super. 2014) (*en banc*) (applying Rule 904(C) and collecting cases); *Commonwealth v. Padden*, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that "[i]t is abundantly clear that a first-time *pro se* PCRA petitioner is entitled to the benefit of the assistance of counsel to help identify and properly present potentially meritorious issues for the trial court's consideration."). Further, the fact that a first petition appears untimely on its face does not abrogate a petitioner's right to the assistance of counsel. *See Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa. Super. 2011) (noting that "a first-time PCRA petitioner[,] whose petition appears untimely on its face[,] is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable."). Following the filing of the first PCRA petition, the petitioner is entitled to

representation throughout the post-conviction collateral proceedings, including any appeal. **See** Pa.R.Crim.P. 904(F)(2).

Here, Sebastian filed his first PCRA Petition in December 2016,[3] well after the expiration of the one-year time limit to file a timely petition. The PCRA court appointed Attorney Hoffert as counsel. However, Attorney Hoffert did not take any action on Sebastian's PCRA Petition. **See Commonwealth v. Cherry**, 155 A.3d 1080, 1083 (Pa. Super. 2017) (stating that "[w]hen appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner**/**Finley**."); **id.** (noting that "[i]f appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled."). Moreover, Sebastian did not elect to proceed *pro se*, and the PCRA court did not hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Thus, the PCRA court erred when it vacated the appointment of Attorney Hoffert, without any other action. Accordingly, we remand to the PCRA court to appoint

---

[3] **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (stating that "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition ….").

Sebastian PCRA counsel within 30 days, and permit counsel to file either an amended PCRA petition or a **Turner**/**Finley** "no-merit" letter.[4]

Order vacated; case remanded for further proceedings in accordance with this Memorandum; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2018

---

[4] Additionally, the PCRA court failed to comply with the notice requirements set forth in Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1); **cf. Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (stating that "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely."). Nevertheless, because of our disposition regarding the appointment of counsel, we need not further address the lack of a Rule 907 notice.