J-S52010-18

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANDREW NOLL, | : | |
| | : | |
| Appellant | : | No. 47 MDA 2018 |

Appeal from the Order Entered November 27, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004981-2011

BEFORE:    BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED OCTOBER 03, 2018**

I would vacate the PCRA court's order and remand for the appointment of counsel.  Accordingly, I respectfully dissent.

Pursuant to Pa.R.Crim.P. 904(C), an indigent first-time PCRA petitioner is entitled to the appointment of counsel.  Here, Appellant is an indigent[1] first-time PCRA petitioner, but the PCRA court failed to appoint counsel to represent him throughout the PCRA proceedings.  The Majority finds this failure to be harmless error because Appellant was no longer serving his sentence. Majority Memorandum at 5-6, *quoting* **Commonwealth v. Hart**, 911 A.3d 939, 942 (Pa. Super. 2006).  However, this Court more recently has held that,

---

[1] Appellant is proceeding *in forma pauperis* on appeal.

*Retired Senior Judge assigned to the Superior Court.

pursuant to Pa.R.Crim.P. 904(C), indigent first-time PCRA petitioners are entitled to the appointment of counsel, even if their petitions appear untimely or they do not appear eligible for relief due to the expiration of their sentences. *See Commonwealth v. Ramos*, 14 A.3d 894 (Pa. Super. 2011).

In *Ramos*, the PCRA court did not appoint counsel to represent Ramos in his PCRA proceedings and dismissed Ramos's *pro se* PCRA petition because he was not currently serving his sentence. This Court vacated the PCRA court's order and remanded for the appointment of counsel. In doing so, this Court reasoned as follows.

> The comment to [Pa.R.Crim.P. 904] explains, "[c]onsistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in **every case** in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." (emphasis added). It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable. *Commonwealth v. Guthrie*, 749 A.2d 502, 504 (Pa. Super. 2000); *Commonwealth v. Stout*, 978 A.2d 984, 988 (Pa. Super. 2009). We see no practical difference between that situation and this one [here, in which the petitioner appears ineligible for relief based on the expiration of his sentence]. Both types of petitioner appear to be barred from PCRA relief; however, those apparent barriers may be felled by the aid of a legal advocate. Thus, although [Ramos's] petition appears to be untimely and he appears to be ineligible for PCRA relief, counsel [] may be able to overcome both of those hurdles through an examination of all of the relevant circumstances.

*Ramos*, 14 A.3d at 895–96. The same holds true for Appellant.

The Majority states that the record confirms that Appellant is no longer serving his sentence of incarceration for the at-issue offense. Majority Memorandum at 5. That is not the issue. The issue is whether he is still serving his sentence, which in many cases may include a probationary tail. Also, the interaction of more than one sentence can be quite complicated at times.

Accordingly, I would vacate the PCRA court's order denying the PCRA petition, and remand for the appointment of counsel.