J-S48016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHRISTOPHER FAUST :
:
Appellant : No. 1254 EDA 2020

Appeal from the PCRA Order Entered May 27, 2020
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002079-2008

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.: **FILED DECEMBER 1, 2020**

Appellant, Christopher Faust, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, which dismissed his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for the appointment of counsel.

The relevant facts and procedural history of this case are as follows. On February 24, 2008, Appellant shot at three men, killing one of them and seriously injuring another. On September 9, 2010, at the conclusion of a bench trial, the court found Appellant guilty of third-degree murder, attempted murder, and related offenses.

> For the third-degree murder conviction, the trial court sentenced [Appellant] to seventeen to forty years' incarceration, with the first five years of the sentence served

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

as a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712(a). Additionally, for the attempted murder conviction, the trial court sentenced [Appellant] to five to ten years' incarceration, which was also a mandatory minimum sentence pursuant to § 9712(a). Therefore, [Appellant's] aggregate sentence was twenty-two to fifty years' imprisonment followed by a four-year probationary sentence. [Appellant] appealed. This Court affirmed [Appellant's] convictions; the Supreme Court of Pennsylvania subsequently denied allowance of appeal.

On May 21, 2014, [Appellant] filed, *pro se*, a timely PCRA petition. The PCRA court appointed counsel, who filed a "no merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court later issued a notice of its intent to dismiss [Appellant's] petition without a hearing and granted counsel's petition to withdraw. [Appellant] filed a response, generally objecting to PCRA counsel's "no-merit" letter. Nevertheless, the PCRA court dismissed Appellant's petition without a hearing. [Appellant] timely appealed.

**Commonwealth v. Faust**, No. 3386 EDA 2015, unpublished memorandum at 3-4 (Pa.Super. filed April 18, 2017).

On April 18, 2017, this Court reversed the order denying PCRA relief in part, vacated the judgment of sentence, and remanded for resentencing on the third-degree murder and attempted murder convictions, pursuant to **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Upon remand, the court appointed new counsel to represent Appellant. The court conducted the resentencing hearing on September 19, 2017. At the conclusion of the hearing, the court resentenced Appellant to seventeen (17) to thirty-five (35) years' imprisonment for third-degree murder and a consecutive term of five (5) to ten (10) years' imprisonment for

- 2 -

attempted murder.

On October 3, 2017, counsel filed an untimely post-sentence motion on Appellant's behalf. That same day, counsel filed a petition for leave to withdraw. The court conducted a hearing on the post-sentence motion on October 19, 2017. At the conclusion of the hearing, the court denied the post-sentence motion as untimely and without merit. In a separate order entered that same day, the court permitted counsel to withdraw. Appellant filed a *pro se* notice of appeal on October 30, 2017,[2] which this Court quashed for lack of jurisdiction. Appellant subsequently filed a petition for allowance of appeal, which our Supreme Court denied on January 7, 2020.

On March 2, 2020, Appellant filed a *pro se* PCRA petition, alleging ineffective assistance of prior counsel in conjunction with the resentencing proceedings. The petition also averred that Appellant remained indigent, and it explicitly requested the appointment of counsel. (**See** PCRA Petition, filed 3/2/20, at 8(B)). The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on April 22, 2020. Appellant timely filed a *pro se* response to the Rule 907 notice, but the PCRA court dismissed his petition on May 27, 2020. Appellant timely filed a *pro se* notice of appeal on June 19, 2020. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and none was

_____

[2] On November 17, 2017, the court appointed new counsel to represent Appellant on appeal. (**See** Order, entered 11/17/17).

- 3 -

filed.

Appellant raises one issue for our review:

> Whether the determination of the PCRA court was supported by the record.

(Appellant's Brief at 2).

As a prefatory matter, Appellant's current *pro se* status presents a question of whether he was effectively deprived of his right to counsel. "[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's **first** petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added).

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a [petitioner's] first petition for post conviction relief. Pursuant to our procedural rule, not only does a PCRA petitioner have the "right" to counsel, but also he has the "right" to effective assistance of counsel. The guidance and representation of an attorney during collateral review should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.

*Commonwealth v. Haag*, 570 Pa. 289, 307-08, 809 A.2d 271, 282-83 (2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003) (internal citations and some quotation marks omitted). This rule-based right to counsel persists throughout the PCRA proceedings, even if the petition is untimely or the petition does not present a cognizable claim. *Commonwealth v. Smith*, 572 Pa. 572, 818 A.2d 494 (2003).

- 4 -

"[A] successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.Super. 2008). Nevertheless, a petitioner may file a PCRA petition asserting claims related to resentencing proceedings within one year of the date that the new judgment of sentence becomes final. **See Commonwealth v. Lesko**, 609 Pa. 128, 177, 15 A.3d 345, 374 (2011).

Instantly, the court resentenced Appellant in 2017. Thereafter, Appellant was allowed to pursue a direct appeal and PCRA relief related to his resentencing. **See id. See also McKeever, supra** at 786 (explaining appellant had absolute constitutional right to appeal judgment of sentence entered after federal court's grant of *habeas corpus* relief; in that appeal, appellant could raise issues pertaining to resentencing procedure only). As such, Appellant's current petition effectively amounts to a "first" petition challenging his resentencing, and the PCRA court should have appointed counsel to assist Appellant. **See Haag, supra**; Pa.R.Crim.P. 904(C).

Further, any assessment concerning the timeliness of Appellant's current PCRA petition would be premature at this juncture given that Appellant has not enjoyed the assistance of counsel. **See Smith, supra**. **See also Commonwealth v. Ramos**, 14 A.3d 894, 896 (Pa.Super. 2011) (reiterating

that although a PCRA petition may appear to be untimely and petitioner may appear to be ineligible for relief, "counsel … may be able to overcome both of those hurdles through an examination of all of the relevant circumstances"). Accordingly, we vacate the order dismissing Appellant's current PCRA petition and remand this case for the appointment of counsel, or for a hearing pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998), so that Appellant may appropriately waive his right to counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/01/2020