J-S36014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN LOMAX HARVEY | : | |
| | : | |
| Appellant | : | No. 1043 EDA 2023 |

Appeal from the Order Entered April 3, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000796-2012

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:            **FILED DECEMBER 15, 2023**

Norman Lomax Harvey appeals from the order denying his Post Conviction Relief Act ("PCRA") petition.  We affirm.

Appellant pled guilty to one count of theft from a motor vehicle on May 21, 2012.  On the same day, the court imposed six to twelve months of incarceration at the Montgomery County Correctional Facility with credit for time served beginning November 3, 2011, followed by ten months of probation.  Appellant did not file a direct appeal.

In December of 2016, Appellant filed *pro se* his first PCRA petition.  The PCRA court did not appoint counsel, instead determining that Appellant was ineligible for relief under the PCRA because he was no longer serving a sentence of imprisonment, probation, or parole for the crime at issue.  ***See*** 42 Pa.C.S. § 9543(a)(1)(i).  Appellant did not appeal the resulting order dismissing the petition as moot.

Appellant filed *pro se* the petition at issue in August of 2022. Therein, he acknowledged that his petition was facially untimely; however, he pled the timeliness exceptions of newly-discovered facts and a newly-recognized constitutional right. The PCRA court dismissed Appellant's petition as untimely after finding that the asserted exceptions did not apply. Thereafter, Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the PCRA court stated that Appellant was not currently serving a sentence of imprisonment, probation, or parole for the underlying crime, and was therefore not entitled to relief under the PCRA. **See** PCRA Court Opinion, 6/6/23, at 2. On appeal, Appellant raises fourteen issues for this Court's consideration, including, *inter alia*, the timeliness of his petition.[1] **See** Appellant's brief at 6-7.

We begin with an examination of the pertinent legal principles. Initially, we observe that our "standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Cruz, Jr.**, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). Furthermore, "this Court may affirm a PCRA court's order on any legal basis." **Commonwealth v. Parker**, 249 A.3d 590, 595 (Pa.Super. 2021).

As a prefatory matter, in order to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole

---

[1] Appellant does not address whether he is still serving a sentence for the crime at issue as required by the statute.

for the crime" at issue. 42 Pa.C.S. § 9543(a)(1)(i). Thus, the High Court has held that "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

Upon review of the record, we observe that Appellant was sentenced on May 21, 2012, to a maximum of twelve months of incarceration, with credit for time served beginning November 3, 2011. Sentencing Order, 5/21/12, at unnumbered 2. The sentence imposed was not consecutive to any outstanding sentence, nor is there any indication that it was ever amended or that Appellant was resentenced. ***Id.*** Hence, as to the crime underlying the PCRA petition at issue, the incarceration portion of Appellant's sentence would have been satisfied no later than November 3, 2012, one year after he was initially imprisoned. Factoring in the ten-month probationary tail, he would have completed his total sentence no later than September 3, 2013, almost nine full years before the instant petition was filed. Since Appellant is no longer serving a sentence of imprisonment, probation, or parole for the crime at issue in this case, he is ineligible for PCRA relief. ***See*** 42 Pa.C.S. § 9543(a)(1)(i); ***Ahlborn***, ***supra***.

We are cognizant that Appellant was not appointed counsel when litigating his first PCRA petition or the instant petition. Ordinarily, "a PCRA petitioner is entitled to the assistance of counsel to litigate a first PCRA petition." ***Commonwealth v. Snook***, 230 A.3d 438, 446 n.2 (Pa.Super. 2020). However, we have held that when a petitioner has served the sentence

that he is challenging yet has been denied the right to counsel, "remanding for appointment of counsel . . . [is] a futile act." *Id.* In that vein, "the law does not require the performance of a futile act," and not remanding is harmless error. ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa.Super. 2006). The reason for appointing counsel, even where a petition appears to be untimely filed, is to assist an indigent petitioner in establishing a timeliness exception. *Id*. Where the petitioner has finished serving the sentence at issue, it is a legal impossibility to establish one of the necessary exceptions to achieve relief, as the statute is inapplicable.[2] ***See id***. Thus, it does not serve Appellant to appoint counsel to litigate the current petition because he completed the sentence at issue in 2013, at the latest.

_____

[2] In ***Commonwealth v. Ramos***, 14 A.3d 894 (Pa.Super. 2011), the PCRA court dismissed Ramos's petition because he had completed his sentence for the challenged crime. Ramos was not afforded counsel, and we remanded for the appointment of counsel. However, the record "was not dispositive of the status of [Ramos's] sentence." ***Id***. at 896 n.1. In the instant case, the record shows that Appellant finished serving his sentence almost nine years before the filing of the instant PCRA petition. The Court in ***Ramos***, moreover, did not acknowledge prior case law. ***See Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa.Super. 2006) (holding that failure to appoint counsel for a petitioner who has served his sentence is harmless error); ***Commonwealth v. Auchmuty***, 799 A.2d 823, 827 (Pa.Super. 2002) (explaining that there is "no remedy available" when it has been established that a petitioner is no longer serving the sentence at issue). Further, the Court in ***Ramos*** did not address the well-settled principle that there is no rationale for the appointment of counsel once a petitioner has finished serving his sentence, because establishing an exception to the time-bar is a legal impossibility. ***See Hart***, ***supra*** at 942. Since ***Ramos***, this Court has favored the position that a PCRA court's failure to appoint counsel for a petitioner who has served his sentence is harmless error. ***See Commonwealth v. Snook***, 230 A.3d 438, 446 n.2. (Pa.Super. 2020).

Accordingly, for the foregoing reasons, the PCRA court did not err in denying Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023