J-S17005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS EDWARD NEISSER, JR. | : | |
| | : | |
| Appellant | : | No. 2890 EDA 2023 |

Appeal from the PCRA Order Entered October 19, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006288-2016

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:              **FILED JULY 16, 2024**

Francis Edward Neisser, Jr. appeals *pro se* from the order that dismissed for lack of merit his petition for writ of mandamus, which the court construed as a second Post Conviction Relief Act ("PCRA") petition. Upon review, we vacate the order and remand for further proceedings.

After Appellant pled guilty to multiple counts of burglary and other offenses, the trial court imposed a sentence of four to ten years of imprisonment, followed by three years of probation, on July 7, 2017. On August 2, 2017, he filed a *pro se* PCRA petition. Counsel was appointed and sought to withdraw, after which Appellant was permitted to proceed *pro se* after a hearing held pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The PCRA court denied the petition after a hearing and Appellant appealed to this Court. On February 7, 2020, we quashed the appeal, ruling

that the PCRA petition was a legal nullity that should have been dismissed without prejudice because it was filed fewer than thirty days after his sentence was imposed, *i.e.*, before his judgment of sentence had become final. **See Commonwealth v. Neisser**, 227 A.3d 395, 2020 WL 603614, at *2-3 (Pa.Super. 2020) (non-precedential decision). **See also Commonwealth v. Shaheed Smith**, 244 A.3d 13, 17 (Pa.Super. 2020) (explaining that a premature petition is "a legal nullity" which the PCRA court has "no jurisdiction to accept, hold, and later dispose of" after the judgment becomes final).

In rendering our decision, we noted as follows:

> We recognize that during the pendency of this appeal, a year has passed from the date the judgment became final, and as such, Appellant no longer has time to file a timely PCRA petition. However, he may request leave from the trial court to file a PCRA petition *nunc pro tunc*; we express no opinion as to whether such petition should be granted.

*Id*. at *3 n.8.

In accordance with our memorandum, Appellant promptly filed a *pro se* request to pursue his PCRA petition *nunc pro tunc* in June 2020, to which he attached his proposed petition. The record does not reflect that the PCRA court took any action upon it, or that it addressed the motions and other documents Appellant filed *pro se* in August, September, and October 2020 and in January 2021. In February 2021, Appellant filed a motion in this Court asking us to take jurisdiction over his case. We denied the motion by order of March 2, 2021, observing that it is our Supreme Court that has jurisdiction

to issue a writ on a lower court when no appeal is pending. *See* Order, 3/2/21 (filed at 27 EDM 2021).

Appellant filed in the lower court a *pro se* petition for writ of mandamus that was docketed on August 18, 2023, and again on September 11, 2023. Therein, he asserted that he was being deprived due process of law by the PCRA court's refusal to rule upon his June 2020 petition. *See* Petition for Writ of Mandamus, 8/18/23, at 10. On September 28, 2023, the PCRA court issued notice of its intent to dismiss Appellant's mandamus request, which it deemed to be his second PCRA petition, because it was convinced that it lacked merit. Appellant filed a response, reasserting that he was being denied due process by the PCRA court's failure to rule on his 2020 petition, as well as stating multiple substantive claims.

The PCRA court denied Appellant's mandamus petition by order of October 19, 2023, without addressing the 2020 petition. This timely appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and he timely complied. The PCRA court thereafter authored a Rule 1925(a) opinion asserting that Appellant's petition for a writ of mandamus was his second PCRA petition, that it was time-barred, and, in any event, it was "incoherent and insufficiently pled." PCRA Court Opinion, 1/10/24, at 2, 6-8.

Appellant presents this Court with two questions challenging the validity of his guilty plea. **See** Appellant's brief at 4. Before we consider the issues, we examine the propriety of his *pro se* status.

All PCRA petitioners "have a general rule-based right to the assistance of counsel for their first PCRA Petition." **Commonwealth v. Cherry**, 155 A.3d 1080, 1082 (Pa.Super. 2017). Specifically, Pa.R.Crim.P. 904 provides that, except in death penalty cases, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). Further, it is well-settled that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011).

Here, it is the law of the case that Appellant's 2017 PCRA petition was a legal nullity. **See Neisser**, 2020 WL 603614, at *2-3. As such, his 2020 petition was his first. Appellant, who has proceeded *in forma pauperis* since his conviction, was therefore entitled to the appointment of counsel to assist

him in asserting a basis for the court to exercise jurisdiction over his request for PCRA relief.[1]

Accordingly, although the Commonwealth acknowledges that the PCRA court erred in ruling upon Appellant's 2023 petition for mandamus rather than his 2020 *nunc pro tunc* petition, and urges us to affirm on the alternative basis that the 2020 petition was also filed beyond the PCRA's one-year time bar, an examination of the timeliness of Appellant's filing is improper under these circumstances. **Commonwealth v. Ramos**, 14 A.3d 894, 895 (Pa.Super. 2011) ("[A] first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable.").

For these reasons, we vacate the PCRA court's October 19, 2023 order and remand for the appointment of counsel to assist him in establishing a basis for the PCRA court to consider the substance of his PCRA claims. Thereafter, the PCRA court shall undertake any proceedings necessary to rule upon Appellant's 2020 petition, counsel's amendment of which shall relate back to the June 2020 *pro se* filing. **See Commonwealth v. Padden**, 783 A.2d 299, 308 (Pa.Super. 2001) (explaining that our procedural rules

---

[1] Appellant's waiver of PCRA counsel in the null 2017 proceedings did not relieve the court of its duty to protect his rule-based right to counsel for his first PCRA petition.

contemplate that appointed counsel may wish to file an amended petition raising issues beyond those included in the *pro se* filing and an amended petition is an extension of the existing litigation).

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024