J-S12040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY MILTON CLARK | : | |
| | : | |
| Appellant | : | No. 1657 EDA 2019 |

Appeal from the PCRA Order Entered May 7, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004738-2016

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 28, 2020**

Appellant, Leroy Milton Clark, *pro se*, appeals from the order entered May 7, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  After careful review, we vacate the PCRA court's order and remand this case to the PCRA court for appointment of new PCRA counsel and for further proceedings consistent with this decision.

The facts underlying this appeal are as follows:

On December 23, 2015, [Appellant] left his home in Warrington, P[ennsylvania], armed with a .380 caliber handgun and a .38 caliber handgun and drove his silver Dodge Caravan to 73-year-old Richard Duncan's home in Willow Grove, Montgomery County . . . [H]e parked a block away from Duncan's home, walked to the home and knocked on the door; when Duncan exited his home, [Appellant] shot Duncan twice, mortally wounding him. . . .

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

> Abington Police stopped [Appellant] a few blocks away from . . . Duncan's home, at which time he shot himself twice.

PCRA Court Opinion, dated August 20, 2019, at 1-2 (footnote and citations to the record omitted).  One of Appellant's self-inflicted gunshot wounds was to his head, resulting in brain damage.  Exhibit D-2; N.T., 4/27/2017, at 104, 107-08, 112, 116.

On April 27, 2017, Appellant pleaded guilty to murder, generally, and to firearms not to be carried without a license and possession of weapon.[2]  The next day, following a degree-of-guilt bench trial, Appellant was convicted of murder of the first degree and murder of the third degree.[3]  Appellant was sentenced on July 20, 2017, to life imprisonment without parole for murder of the first degree[4] followed by an additional two to five years of incarceration for firearms not to be carried without a license; he did not file a direct appeal.

---

[2] 18 Pa.C.S. §§ 2502, 6106(a)(1), and 907(b), respectively.

[3] *Id.* § 2502(a), (c), respectively.

[4] The PCRA court concluded that the sentences for murder of the first degree and murder of the third degree merged and therefore only sentenced Appellant on the count of murder of the first degree.  PCRA Court Opinion, dated August 20, 2019, at 7 n.6.  The PCRA court further noted that, to the extent that the guilty verdicts for murder of the first degree and murder of the third degree could be considered inconsistent, as the sentences for these convictions merged, Appellant suffered no prejudice and thus could not succeed on a claim of ineffective assistance of counsel, which requires a finding of prejudice.  *Id.*; *see also Commonwealth v. Medina*, 209 A.3d 992, 1000 (Pa. Super. 2019).

On August 9, 2018, Appellant filed his first, *pro se*, PCRA petition raising multiple claims of ineffective assistance of trial counsel, including "abandonment of counsel[.]"  PCRA Petition, 8/9/2018, at 2-3, 7.

On August 28, 2018, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition or a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), within 60 of days of the date of the order.  On October 30, 2018, the PCRA court granted PCRA counsel an extension of 60 days to file an amended petition or "no merit" letter.[5]

On January 14, 2019,[6] PCRA counsel filed a petition to withdraw and a "no merit" letter.  The "no merit" letter did not address whether trial counsel had abandoned Appellant by failing to file a direct appeal.

On January 16, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907

---

[5] No motion for a continuance appears on the certified docket or in the certified record.

[6] Pursuant to the order of October 30, 2018, PCRA counsel's petition to withdraw and "no merit" letter were due by December 31, 2018.  Accordingly, these filings were filed late.  However, the Commonwealth did not object to their belatedness, and the PCRA court considered their content.  Consequently, the lateness of these filings did not impact the disposition of Appellant's PCRA petition.

Notice"). In the Rule 907 Notice, the PCRA court also granted counsel's motion to withdraw.

According to the certified docket, the PCRA court entered an order dismissing Appellant's petition on February 19, 2019, but this order does not appear in the certified record. On March 11, 2019, Appellant filed a motion for reconsideration stating that he never received the Rule 907 Notice and requesting that the PCRA court vacate the order of February 19, 2019, and grant him 20 days thereafter to respond to the Rule 907 Notice. According to the certified record, on March 18, 2019, the PCRA court granted Appellant's motion for reconsideration and vacated the order of February 19, 2019; however, this order also does not appear in the certified record.

After the PCRA court granted him a further extension of time to respond, on April 30, 2019, Appellant filed a response to the Rule 907 Notice. Although the response did not request to amend the PCRA petition, it did allege that trial counsel was ineffective for failing to "file any Post-Sentence Motions, or Appeals regarding the issues raised" and requested that PCRA counsel "not be granted leave to withdraw[a]l as [Appellant's] attorney and reexamine these issues." Response to Rule 907 Notice, 4/20/2019, at 3 (not paginated).

On May 7, 2019, the PCRA court dismissed Appellant's petition. On June 7, 2019, Appellant filed this timely appeal. On July 29, 2019, Appellant filed his statement of errors complained of on appeal, enumerating multiple

reasons why his trial counsel was ineffective, including "[f]ailing to file a direct appeal."[7]

Appellant now presents the following issue for our review:

The [PCRA c]ourt abused its discretion and created an error in law when, after reviewing the record denied [Appellant']s PCRA Petition for Relief without a hearing. Instead, finding "There was no violation of the [Appellant]'s Constitutional rights." and, "[Appellant] did not receive ineffective assistance..." by trial coun[s]el's failure to effectuate [Appellant]'s best interest, i.e., Failing to file a direct appeal; No evidence of counsel's attempt to secure a Plea Agreement to a lesser charge; It was not to the [Appellant]'s benefit to plead guilty to the same charges as charged (loss of important rights); etc.

Appellant's Brief at 2.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

Appellant first argues that trial counsel "fail[ed] to file an appeal after being requested to do so." Appellant's Brief at 8. While acknowledging that "counsel is not required to advance frivolous arguments in an appeal," Appellant adds that "counsel may still protect his client[']s appella[te] rights via the procedure outlined in *Anders v. California*, 386 U.S. 738, 87 S.CT. 1396, 18 L.Ed. 2d 493 (1961) by advising the court and requesting permission

_____

[7] The PCRA court entered its opinion on August 20, 2019.

to withdraw." *Id.* (citing *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980)). He continues:

> The [PCRA] counsel indicated he conducted an investigation regarding [A]ppellant's claims. In this investigation PCRA counsel noted that [A]ppellant did not file a Direct Appeal. Yet, counsel failed to investigate this issue. i.e., Did [Appellant] ask for a Direct Appeal? Instead, PCRA counsel merely investigated the things trial counsel did, not how there was no reasonable basis for trial counsel to not protect his client[']s appella[te] rights.

*Id.* at 13.

Before we can reach the merits of this claim, we must first determine whether PCRA counsel's "no merit" letter was deficient, as it entirely failed to discuss this issue.[8]

> The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875, 876 n.1 (2009); *Turner*, 544 A.2d at 928-29; [*Commonwealth v.*] *Rykard*, 55 A.3d [1177,] 1184 [(Pa. Super. 2012); *Commonwealth v. Glover*, 738 A.2d 460, 464 (Pa. Super. 1999). Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019).

---

[8] "While the inadequacy of PCRA counsel's no-merit letter is waived if not raised before the PCRA court and this Court," *Commonwealth v. Kelsey*, 206 A.3d 1135, 1140 (Pa. Super. 2019), Appellant challenged PCRA counsel's motion to withdraw in his Response to Rule 907 Notice and has specifically asserted and briefed this issue in this appeal. Response to Rule 907 Notice, 4/20/2019, at 3 (not paginated); Appellant's Brief at 13.

In the current action, we recognize that the PCRA court conducted an independent review of this claim of ineffectiveness for failure to file a direct appeal, despite PCRA counsel's failure to include this claim in his inadequate "no merit" letter.  PCRA Court Opinion, dated August 20, 2019, at 6-7.  The error here, however, is the denial of the assistance of counsel, not the sufficiency of the PCRA court's opinion or review or even whether Appellant's claims in his PCRA petition are meritorious.  Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation by counsel before that determination is made.  **Kelsey**, 205 A.3d at 1140 (citing **Commonwealth v. Ramos**, 14 A.3d 894, 895-96 (Pa. Super. 2011); **Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. Super. 2009)).

In **Kelsey**, **id.**, as in the current action, the appellant did not waive his right to representation by counsel, and PCRA counsel neither represented the appellant on the merits of the PCRA petition nor filed a sufficient "no merit" letter that addressed all of the appellant's claims.  This Court consequently vacated the dismissal of the appellant's PCRA petition and remanded to the PCRA court for appointment of new PCRA counsel – which must also be our remedy in the current appeal.  **Id.**  We thereby instruct the PCRA court to appoint new PCRA counsel for Appellant within 21 days of the date that the certified record is returned to the PCRA court.

This Court also instructed in **Kelsey**:

On remand, Appellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's PCRA petition and move to withdraw.

*Id.* Hence, this Court likewise orders that, upon remand, new PCRA counsel may either: (1) file a new amended PCRA petition raising any and all challenges that counsel deems appropriate; or (2) if new PCRA counsel concludes in his or her professional opinion that the issues raised in the PCRA proceeding are without merit, new PCRA counsel may file an adequate "no merit" letter addressing **all** of the issues raised in Appellant's PCRA petition and move to withdraw. *Id.*[9] While we would normally issue a schedule for

_____

[9] As we are permitting newly appointed PCRA counsel to raise any appropriate issue upon remand, we need not address Appellant's remaining arguments. **See** Appellant's Brief at 9-13.

Furthermore, albeit that we need not reach the merits of Appellant's claim of ineffectiveness of trial counsel for failure to file a direct appeal, we provide the PCRA court with the following guidance:

Since the failure to perfect a requested appeal is the functional equivalent of having no representation at all, **see Evitts** [**v. Lucey**]*,* 469 U.S. [387,] 396-97 [(1985)] (noting that the failure to perfect an appeal "essentially waived respondent's opportunity to make a case on the merits; in this sense it is difficult to distinguish respondent's situation from that of someone who had no counsel at all"), **Strickland** [**v. Washington**, 466 U.S. 668 (1984)], on its own terms, establishes the right to relief. Additionally, as President Judge McEwen reasoned, since Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right, **see Commonwealth v. Wilkerson**, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), a failure to file or perfect such an appeal results in a denial so fundamental as to constitute

the filing of the amended petition or "no merit" letter, we are reluctant to issue a specific timeline given the coronavirus disease 2019 (COVID-19) pandemic. Instead, we relinquish jurisdiction and direct the court and the parties to comply with the standard timing requirements as much as possible.

Order vacated. Case remanded with instructions to appoint new PCRA counsel and for further proceedings consistent with this decision. Jurisdiction relinquished.

---

prejudice *per se*. ***See generally Canales v. Roe***, 151 F.3d 1226, 1229-30 (9th Cir. 1998) (stating that "[i]t appears that every federal court of appeals to address the issue has applied some form of a rule of presumed prejudice where counsel fails to file a notice of appeal").

Thus, we hold that, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal. . . . The remedy for the deprivation of this fundamental right of appeal is its restoration.

***Commonwealth v. Lantzy***, 736 A.2d 564, 571–73 (Pa. 1999) (footnotes omitted); ***see also Commonwealth v. Bennett***, 930 A.2d 1264, 1273 (Pa. 2007) ("failure to file a requested direct appeal . . . is the functional equivalent of having no counsel at all"; "[i]n such instances, the deprivation *requires* a finding of prejudice" (emphasis in original)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2020</u>