J-S08036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CESAR OBDULIO RODRIGUEZ ARERALO | : | |
| | : | No. 773 MDA 2021 |
| Appellant | : | |

Appeal from the PCRA Order Entered May 13, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000167-2018

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: JUNE 7, 2022**

Cesar Obdulio Rodriguez Areralo[1] (Appellant) appeals, *pro se*, from the order entered in the Franklin County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA).[2] Appellant seeks relief from the judgment of sentence imposed following his jury conviction of attempted involuntary deviate sexual intercourse (IDSI)[3] and related charges for his sexual assault of another man

_____

[1] Appellant's last name is spelled "Arevalo" in most of the trial court documents, and in the prior appeal to this Court. Appellant, himself, has spelled his name as both "Arevalo" and "Areralo" in various documents. Because he spelled his name "Areralo" in the *pro se* notice of appeal *sub judice*, we will refer to him accordingly. *See* Appellant's Notice of Appeal, 6/15/21.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 901, 3123(a)(1).

at a local gym. On appeal, he argues the PCRA court erred when it granted appointed counsel's petition to withdraw and dismissed his petition as untimely filed. For the reasons below, we vacate the order dismissing his petition and remand for further proceedings.

The relevant facts and procedural history are as follows. On the morning of January 2, 2018, Appellant sexually assaulted a 29-year-old male, who is "on the Asperger's spectrum[,]"[4] in the locker room of a local gym. **See Commonwealth v. Rodriguez Arevalo**, 96 MDA 2019 (unpub. memo. at 1-2) (Pa. Super. July 31, 2019). On November 8, 2018, a jury convicted Appellant of two counts of attempted IDSI, and one count each of attempted rape, indecent assault and indecent exposure.[5] Appellant was sentenced to an aggregate term of 117 to 540 months' imprisonment on December 19, 2018.[6] At both the jury trial and sentencing hearing, Appellant was assisted by a Spanish interpreter.

---

[4] At trial, the victim's mother described the victim's "cognitive and social challenges associated with his Asperger's, which include severe anxiety and ADHD, although she [portrayed] him as being 'on the high [functioning] side of his disability.'" **Rodriguez Arevalo**, 96 MDA 2019 (unpub. memo. at 2). She further explained that he is a "very black-and-white person" who has a "very strong will to please [and] do good." **Id.**

[5] **See** 18 Pa.C.S. §§ 3121(a)(1), 3126(a)(2), 3127(a).

[6] Appellant was determined not to meet the criteria for classification as a sexually violent predator under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10 to 9799.75. **See** Trial Ct. Op., 8/6/21, at 2 n.5. However, as a Tier III sexual offender, he is required to register as a sex offender for life. **Id.**; **see** 42 Pa.C.S. §§ 9799.14(d)(4),
*(Footnote Continued Next Page)*

Appellant filed a timely direct appeal, challenging the trial court's admission of the victim's hearsay statements through his mother, and the sufficiency of the evidence supporting his convictions. **See Rodriguez Arevalo**, 96 MDA 2019 (unpub. memo. at 8). Appellant was represented at trial and on direct appeal by Shawn M. Stottlemyer, Esquire. On July 31, 2019, a panel of this Court affirmed, concluding Appellant's claims were waived or underdeveloped. **See id.** at 10-14. Appellant did not seek review in the Pennsylvania Supreme Court; thus, for purposes of collateral review, his judgment of sentence was final on August 30, 2019. **See** Pa.R.A.P. 1113(a) (petition for allowance of appeal in Supreme Court must be filed "within 30 days after entry of the order . . . sought to be reviewed"); 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

On November 19, 2020, Appellant filed a *pro se* PCRA petition,[7] asserting trial counsel was ineffective for failing to obtain a video of the incident, failing to call an unnamed witness, and for informing him "the court would not permit black people" on the jury. Appellant's Motion for Post

_____

(14) (conviction of attempted IDSI under 18 Pa.C.S. § 3123 is a Tier III sexual offense), 9799.15(a)(3) (individual convicted of a Tier III sexual offense shall register for life).

[7] This petition, filed more than a year after Appellant's judgment of sentence was final, was facially untimely. **See** 42 Pa.C.S. § 9545(b)(1) (any petition must be filed within one year of date judgment of sentence is final).

- 3 -

Conviction Collateral Relief, 11/19/20, at 3. Since this was Appellant's first petition, the PCRA court appointed Erich Hawbaker, Esquire, to represent him, and directed Attorney Hawbaker to file an amended petition within 45 days, if he deemed an amendment necessary. *See* Order, 12/2/20. After requesting and receiving two extensions of time, on March 19, 2021, Attorney Hawbaker filed a motion to withdraw as counsel and a *Turner*/*Finley*[8] "no merit" letter. *See* Motion to Withdraw, 3/19/21; No Merit Letter, 3/19/21. He asserted that he reviewed the record and corresponded with Appellant "by mail and by telephone[,]" but determined that Appellant's petition was untimely filed, and that Appellant presented no claim that qualified as an exception to the PCRA's one-year timing requirements. No Merit Letter at 2-3 (unpaginated). Notably, Attorney Hawbaker also stated that although Appellant required a Spanish interpreter during the trial court proceedings, he "has had no difficulty communicating with [Appellant] over the telephone, and all of his written correspondence in English has been clear and fully understandable." *Id.* at 2.

On April 22, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without first conducting an evidentiary hearing, and an accompanying opinion in which the court determined Appellant's petition was untimely filed. *See* Order, 4/22/21; PCRA Ct. Op. 4/22/21, at 14. The court provided Appellant with 20 days to respond to the

_____

[8] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 4 -

proposed dismissal of the petition and its intent to grant counsel's petition to withdraw. Order, 4/22/21.

Appellant filed a timely *pro se* response on May 11, 2021, in which he asserted the following:[9] (1) Attorney Hawbaker failed to consult with him before petitioning to withdraw; (2) Attorney Hawbaker failed to discover and raise meritorious claims of trial counsel's ineffective assistance; (3) Appellant is "from a foreign country" and is "in need of a translator[;]" (4) the delayed filing of his petition was due to the prison's "'enhanced quarantine' which restricted prisoners' access to [the] facility's Law Library" as a result of the Covid-19 pandemic; and (5) Attorney Hawbaker "could have amended [Appellant's] Petition to properly and fully plea[d] this claim[.]" ***See*** Appellant's Response to Proposed Dismissal of [Appellant's] PCRA Petition & Attorney Hawbaker's Motion to Withdraw as Counsel, 5/11/21, at 1-3. Appellant requested the PCRA court either deny Attorney Hawbaker's petition to withdraw or appoint new counsel. ***Id.*** at 1.

Two days later, on May 13, 2021, the PCRA court dismissed Appellant's petition as untimely filed and granted Attorney Hawbaker's request to withdraw. The PCRA court referred to its April 22nd opinion and stated, summarily, that Appellant's Rule 907 response and amended petition "fail to prove any additional cognizable bases for exception to the PCRA's timeliness

---

[9] Appellant attached a *pro se* amended petition to his response.

requirement." Order, 5/13/21, at 1 (unpaginated). This timely *pro se* appeal

followed.[10]

Appellant raises the following three issues for our review:

a. Whether the [PCRA] court erred in dismissing Appellant's *pro se* [PCRA petition] and granting Attorney Hawbaker's Motion to Withdraw as Counsel when Appellant explained the petition met the exception to the PCRA's timeliness requirement as the reason for the petition's untimeliness was due to governmental shutdowns related to [the COVID-19] pandemic, and Appellant requested that counsel not be allowed to withdraw without assisting Appellant in developing legal arguments relating to the petition[?]

b. Whether [PCRA] counsel, Attorney Hawbaker, rendered ineffective assistance of counsel by not counseling with Appellant concerning [the] reason why the petition met the exception to the PCRA's timeliness requirement and for failing to identify and properly/fully plea[d] Appellant's legal

_____

[10] Although Appellant's notice of appeal was docketed on June 15, 2021, more than 30 days after the order dismissing his petition, upon inquiry from this Court, Appellant provided a cash slip and certificate of service reflecting that he presented the document to prison authorities on June 7, 2021. Thus, pursuant to the prisoner mailbox rule, Appellant's appeal was timely filed. ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

We note, too, that Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 6, 2021.

Thereafter, on August 17, 2021, Appellant filed two *pro se* motions before this Court: one seeking the appointment of an interpreter, and the other seeking the appointment of PCRA counsel. This Court denied both motions on September 14th, without prejudice to Appellant to seek relief in the trial court. ***See*** Order, 9/14/21. The trial court docket reveals Appellant subsequently filed, in the PCRA court, three motions for the appointment of both counsel and an interpreter, all of which were denied.

- 6 -

arguments as well as for abandoning Appellant before the court actually granted his Motion to Withdraw as Counsel[?]

c. Whether . . . Attorney Hawbaker[ ] rendered ineffective assistance of counsel by failing to articulate Appellant's reasons to the court regarding why the petition met the exception to the PCRA's timeliness requirement and failing to submit documentation in support of Appellant's claims to prove governmental shutdowns and institutional shutdowns in relation to [the COVID-19] pandemic creating [a] governmental interference regarding Appellant timely filing the petition[?]

Appellant's Brief at 2 (unpaginated) (some capitalization omitted).

When considering the propriety of an order dismissing a PCRA petition,

[o]ur standard of review . . . is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa. Super. 2020) (citations and quotation marks omitted).

In the opinion accompanying its Rule 907 notice, the PCRA court determined that Appellant's petition was untimely filed, and Appellant had failed to prove the applicability of any of the PCRA's timing exceptions.[11] ***See*** PCRA Ct. Op., 4/22/21, at 4-14. The court also indicated its intention to grant Attorney Hawbaker's petition to withdraw. In his timely response, Appellant raised the ineffective assistance of Attorney Hawbaker, asserting counsel

---

[11] ***See*** 42 Pa.C.S. § 9545(b)(1)(i) (PCRA petition must be filed within one-year of the date the judgment becomes final unless petitioner pleads and proves, *inter alia*, "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States").

failed to consult with him before seeking to withdraw, secure the assistance of an interpreter, and argue the applicability of the governmental interference exception to the PCRA timeliness requirement as a result of "restrictions and governmental shutdowns" due to the COVID-19 pandemic. *See* Appellant's Response to Proposed Dismissal of [Appellant's] PCRA Petition & Attorney Hawbaker's Motion to Withdraw as Counsel at 1-3. The PCRA court acknowledges that it did "not address [Appellant's] allegations of PCRA counsel's ineffective representation" before dismissing the petition, and "concede[s] that this may have been error." PCRA Ct. Op., 8/6/21, at 5. We agree.

It is well-established that a PCRA petitioner has a "rule-based right to the appointment of counsel for a first PCRA petition." *Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021), *citing* Pa.R.Crim.P. 904. Moreover, this rule-based right is enforceable regardless of the merits of the underlying claims, and even when it appears the petition is untimely on its face. *See Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019); *Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa. Super. 2011) (when petition is facially untimely, petitioner "is entitled to representation for assistance in determining . . . whether any exception to the normal time requirements is applicable."). As our Supreme Court has explained: "The guidance and representation of an attorney during collateral review ensures that meritorious legal issues are recognized and addressed, and that meritless claims are abandoned." *Bradley*, 261 A.3d at 391-92.

We also recognize, however, that appointed PCRA counsel may petition to withdraw if, after a "diligent review of the case," counsel concludes that the issues the petitioner seeks to raise "lack merit." **Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa. Super. 2016). Following the dictates of **Turner**/**Finley**, counsel must

> submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

**Id.** at 510–11 (citation omitted). When appointed counsel has satisfied these technical requirements, the PCRA court (or this Court) "must then conduct its own review of the merits of the case[, and if it] agrees with counsel[,] the court will permit counsel to withdraw and deny relief." **Id.** at 511 (citation omitted).

Because they have a right to effective PCRA counsel, petitioners also have the right to assert counsel's ineffectiveness. Until recently — and at the time of the PCRA proceedings in this case — "a petitioner was required to raise PCRA counsel's ineffectiveness in response to the PCRA court's Rule 907 notice of intention to dismiss the petition." **Bradley**, 261 A.3d at 397. Otherwise, any challenge asserting PCRA counsel's ineffective assistance was deemed waived. **Id.** In **Bradley**, however, the Supreme Court acknowledged that the

- 9 -

Rule 907 approach was "largely impractical and ineffective[,]" and held a PCRA petitioner should be permitted "to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." *Id.* at 399, 401. The Court further opined:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness[;]" however, where there are "material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]"

*Id.* at 402 (citations omitted).

Under either approach (***Bradley*** or pre-***Bradley***), Appellant properly challenged PCRA counsel's stewardship. In particular, Appellant argued that Attorney Hawbaker failed to address Appellant's claim that COVID-19 related "restrictions and governmental shutdowns" interfered with his ability to file a timely petition. ***See*** Appellant's Response to Proposed Dismissal of [Appellant's] PCRA Petition & Attorney Hawbaker's Motion to Withdraw as Counsel at 3; Appellant's Brief at 7, 9. Moreover, while the Commonwealth suggests "[t]his very argument [has been] rejected by this Court" in a recent unpublished memorandum decision, we conclude that decision is factually

distinguishable. *See* Commonwealth's Brief at 11-12, *citing **Commonwealth v. Sturgis***, 196 MDA 2021 (unpub. memo.) (Pa. Super. Dec. 22, 2021).[12]

In ***Sturgis***, like here, the petitioner filed his first PCRA petition more than one year after the judgment of sentence was final. ***See Sturgis***, 196 MDA 2021 (unpub. memo. at 2). The PCRA court ultimately dismissed the petition as untimely filed. ***Id.*** On appeal, the petitioner argued he satisfied the "governmental interference" timeliness exception because "he was prevented from filing his PCRA petition on time due to libraries being closed at the prison." ***Id.*** at 6. This assertion was based "on a letter he received from the Acting General Counsel of the Department of Corrections that stated the general libraries would be temporarily closed due to the COVID-19 pandemic[,]" and the petitioner's mistaken belief that this notice applied to the law libraries as well. ***Id.*** The letter at issue, however, "clearly state[d] that services for the law library will continue as needed." ***Id.*** In denying relief, the ***Sturgis*** panel opined:

> [T]he letter is not evidence that [the petitioner] was prevented from accessing the law library to file his PCRA petition. Nor has [he] presented any arguments regarding an inability to read the letter, an explanation why he needed to use the law library to prepare his petition, or if he made any attempt at all to access services to file his petition and if those attempts were denied. His

---

[12] Although we are not bound by the holding of an unpublished memorandum decision, we may consider such decisions, filed after May 1, 2019, for their persuasive value. ***See Commonwealth v. Holt***, 270 A.3d 1230, 1236 n.2 (Pa. Super. 2022); Pa.R.A.P. 126(b) ("non-precedential" Superior Court decisions filed after May 1, 2019 may be cited for persuasive value).

apparent misinterpretation of the letter simply does not constitute governmental interference.

*Id.* at 6-7.

In the present case, Appellant does not rely solely upon a similar letter from the Department of Corrections. Rather, he asserts his access to the law libraries was the result of "enhanced quarantine' which restricted prisoners' access to [the] facility's Law Library and . . . to the Courts." Appellant's Response to Proposed Dismissal of [Appellant's] PCRA Petition & Attorney Hawbaker's Motion to Withdraw as Counsel at 3; Appellant's Brief at 9 (unpaginated).[13] Accordingly, Appellant should be provided the opportunity to prove his claim of governmental interference with the assistance of counsel.[14]

Moreover, while we recognize the PCRA court belatedly addressed Appellant's ineffectiveness claims and governmental interference argument in its Rule 1925(a) opinion, "[b]y that point, the deprivation of Appellant's right to counsel was already a *fait accompli*." **Betts**, 240 A.3d at 622 n.11. As in **Betts**, here, it is evident that "the PCRA court neither recognized the

---

[13] Appellant also claims that while he has attempted to obtain documents from the Franklin County Prison supporting his allegations, he has been unable to obtain all the relevant documents. Appellant's Brief at 9 (unpaginated). Thus, he seeks the assistance of counsel to prove his allegations. ***See id.***

[14] ***But see Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (appellant failed to demonstrate "restricted incarceration status of capital inmates . . . constitutes governmental interference" pursuant to PCRA timing exception because he did not "show any of the conditions of his incarceration were illegal, as required to meet the . . . exception").

significance of [Appellant's Rule 907 response], nor considered its contents prior to dismissing Appellant's PCRA petition." **Id.** at 622 (footnote omitted).

Accordingly, we conclude Appellant is entitled to remand for the appointment of PCRA counsel to assist him in litigating his allegations concerning Attorney Hawbaker's ineffective assistance. **See Betts**, 240 A.3d at 624. Thus, we vacate the order dismissing Appellant's PCRA petition, and remand for the appointment of counsel to review Appellant's *pro se* claims asserting Attorney Hawbaker's ineffectiveness, and the filing of a supplemental brief addressing those claims. **See id.** at 625. "Thereafter, the PCRA court shall have the discretion to proceed as it deems fit[,]" including granting new counsel the opportunity to file an amended PCRA petition on Appellant's behalf or denying PCRA relief. **Id.**

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/07/2022